IN THE COURT OF COMMON PLEAS
HAMILTON COUNTY, OHIO

| | |
|---|---|
| Donte Hill<br>c/o Zachary Gottesman, Esq.<br>Gottesman & Associates, LLC<br>36 East 7th St., Suite 1650<br>Cincinnati, Ohio 45202<br><br>    Plaintiff,<br><br>vs.<br><br>City of Cincinnati, Ohio<br>801 Plum Street<br>Cincinnati, Ohio 45202-5705,<br><br>and<br><br>Eliot Isaac (Individually and in his<br>Official Capacity as Chief of Police)<br>801 Plum Street<br>Cincinnati, Ohio 45202-5705,<br><br>and<br><br>Patrick Duhaney (Individually and in his<br>Official Capacity as City Manager)<br>801 Plum Street<br>Cincinnati, Ohio 45202-5705,<br><br>and<br><br>Fraternal Order of Police<br>Queen City Lodge No. 69<br>1900 Central Parkway<br>Cincinnati, Ohio 45214<br><br>    Defendants. | Case No. 1:19-CV-00308-SJD<br><br>Judge Dlott<br><br>**FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND OTHER DAMAGES WITH JURY DEMAND ENDORSED HEREON** |

Plaintiff, through counsel, for his Complaint against the Defendants, states as follows:

**Parties**

1. Plaintiff, Donte Hill, is and has been a Cincinnati Police Officer Since 2008.

2. Defendant, City of Cincinnati, is a municipality organized under the laws of the State of Ohio.

3. Defendant, Patrick Duhaney, is the City Manager for the City of Cincinnati and this suit is against him in his individual and official capacity.

4. Defendant, Eliot Isaac, is the Chief of the Cincinnati Police Department (hereinafter CPD) and this suit is against him in his individual and official capacity.

5. Defendant, Fraternal Order of Police, Queen City Lodge No. 69, is a labor union organized for the benefit of Cincinnati Police Officers, the bargaining agent for Plaintiff and a necessary party to these proceedings for confirmation of the Arbitration Decision arising from the facts alleged herein.

**Facts**

5. On September 26, 2018, Officer Hill and Officer Brandon Contris were dispatched to a residence on McHenry Avenue where two men were fighting at a residence and refused to leave when asked by Ms. Latisha Johnson, the tenant of the apartment.

6. Five minutes after the arrival of Officer Hill and Officer Contris, the two men engaged in a physical fight outside of the apartment and within close proximity of the two officers.

7. Throughout the interaction, Officer Hill "directed an excessive number of unnecessary, profane comments" at the two men and Ms. Johnson. This included a derivative use of the word "nigger". (See Attached "Department Level Hearing Summary".)

8. Following this incident, Officer Hill was given an official reprimand but his police powers were not suspended.

9. In December 2018, a similar incident occurred involving Officer Dennis Barnette of the Cincinnati Police Department.

10. On December 23, 2018, Officer Barnette was conducting a directed patrol for a parking complaint near Brownstown Nightclub.

11. During the patrol, Officer Barnette observed a physical fight between a female black, Ayanna Riley, and a male black, Derrick Freeman. Additional off-duty officers who were on detail for Brownstone observed the altercation and assisted in separating Ms. Riley and Mr. Freeman.

12. Officer Barnette approached Ms. Riley in an effort to calm her down as she and Mr. Freeman were separated; however, Ms. Riley continued her disorderly behavior.

13. Ms. Riley refused to comply with Officer Barnette's orders to calm down as he approached and she struck Officer Barnette in the face.

14. After being struck, Officer Barnette grasped Ms. Riley's left arm, pulled her forward and braced her against the hood of a vehicle. Officer Barnette then stated, "Nigger slapped me in the face."

15. Prior to and throughout Officer Barnette's interaction with Ms. Riley, she and others were using similar slurs, profanity and other coarse language.

16. Just days following this incident, Officer Barnette was stripped of his police powers within the Cincinnati Police Department.

17. The only material difference between Officer Barnette and Officer Hill is their race. Officer Barnette is a white male, Officer Hill is a black male.

18. Following the suspension of Officer Barnette's police powers, the Chief was advised of, or at the very least realized, the anomalous situation his department had created

by treating two officers with identical conduct completely different based solely on their race.

19. Presumably, in an effort to equalize the situation and prevent backlash, Officer Hill was retroactively charged with a violation of Rule 1.23 C. of the Cincinnati Police Department's Manual of Rules and Regulations and Disciplinary Process, and a violation of the City of Cincinnati's Administrative Regulation No. 25, Non-Discrimination and Sexual Harassment.

20. Instead of reinstating Officer Barnette's police powers, the Chief went back and suspended Officer Hill's police powers, even though his discipline had been reviewed, approved and imposed.

21. Chief Eliot Isaac has deprived now deprived two officers of their police powers.

22. Officer Hill was not only deprived of his police powers, but also of his reputation, credibility, income and support to his family, and more.

23. The suspension of Officer Hill's police powers and confiscation of his duty weapon and badge renders Officer Hill ineligible to work off-duty details as he had in the past, reduces his court-time because he is no longer making arrests, causes substantial loss of stature and professional standing, and creates a serious safety hazard for him because he is unarmed and has no defense against violent criminals he has arrested and is required by the City to confront as a witness in Court.

24. The loss of his ability to perform off-duty details has directly caused and will continue to cause Officer Hill to lose substantial income upon which he and his family are reliant for their economic well-being and without which Officer Hill will sufferable

4

irreparable harm including, without limitation, loss of his home because of his inability to pay his mortgage and other debts and negatively impacting his credit history by causing him to default on financial obligations.

25. The loss of paid court-time has directly caused and will continue to cause Officer Hill to lose substantial income upon which he and his family are reliant for their economic well-being and without which Officer Hill will sufferable irreparable harm including, without limitation, loss of his home because of his inability to pay his mortgage and other debts and negatively impacting his credit history by causing him to default on financial obligations.

26. The Police Chief, Eliot Isaac, has historically used suspension of CPD personnel police powers as an unchecked and completely discretionary disciplinary measure in an arbitrary, capricious and racially discriminatory manner.

27. The Chief does this because using suspension of police powers as discipline falls outside of the collective bargaining agreement between FOP Lodge No. 69 and is not subject to peer review or the union grievance process

28. The suspension of Officer Hill's police powers is adverse employment action that violates Officer Hill's Constitutional rights and violates Chap. 4112 of the Ohio Revised Code.

29. The acts and omissions that form the basis of this Complaint were done with the express approval of Defendant, Patrick Duhaney, as City Manager.

## Count 1 – Employment Discrimination

30. Plaintiff incorporates the preceding allegations by reference as if fully restated herein.

5

31. Pursuant to R.C. §4112.02 it is unlawful discriminatory practice to discriminate against Officer Hill with respect to terms, conditions, or privileges of employment, or any matter directly or indirectly related to employment based on race.

32. Defendants have engaged in an unlawful discriminatory practice in violation of R.C. 4112.02 (A).

33. As a direct and proximate result of Defendants' violation of R.C. 4112.02(A), Officer Hill has sustained general, special and economic damages including, without limitation, lost income, loss to his reputation, emotional pain, suffering and Officer Barnette is suffering further irreparable harm including, without limitation, financial ruin, loss of his home, and negative impact on his credit rating.

34. Plaintiff is entitled to damages and equitable relief pursuant to R.C. §4112.99.

### Count 2 - 42 U.S.C. §1983

35. Plaintiff incorporates the preceding allegations by reference as if fully restated herein.

36. Defendants have violated Plaintiff's Constitutional Rights under the 14th Amendment by depriving him of his protected property interests in an arbitrary, capricious, unlawful, and racially discriminatory manner, without Due Process of law, both substantive and procedural, and are liable to Plaintiff pursuant 42 U.S.C. §1983 for damages and subject to the equitable jurisdiction of this Court.

WHEREFORE, Plaintiff demands judgment against Defendants for general, compensatory, special and punitive damages in an amount in excess of $25,000 as proven at trial, immediate and permanent equitable relief, his costs herein expended, reasonable attorney's fees and such other relief as this Court deems just.

        Respectfully submitted,

        */s/ Zachary Gottesman*
        Zachary Gottesman (0058675)
        Trial Attorney for the Plaintiff
        Gottesman & Associates, LLC
        404 East 12th Street, First Floor
        Cincinnati, Ohio 45202
        T: 513/651-2121
        F: 513/651-2131
        zg@zgottesmanlaw.com

        */s/ Robert J. Thumann*
        Robert J. Thumann (0074975)
        Crehan & Thumann, LLC
        404 East 12th St., Second Floor
        Cincinnati, Ohio 45202
        T: 513/381-5050
        F: 513/381-1700
        Thumann@ctlawcincinnati.com

**Jury Demand**

Plaintiff hereby demands a jury trial on all issues so triable.

        */s/ Zachary Gottesman*
        Zachary Gottesman (0058675)
        Trial Attorney for the Plaintiff

**CERTIFICATE OF SERVICE**

    I hereby certify that on 3 July 2020, a true and accurate copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. No copies of this filing are being mailed to any parties, as all parties are currently being served via the Court's electronic filing system and thereby may access this filing through that system.

        */s/Zachary Gottesman*
        Zachary Gottesman (0058675)



Interdepartmental Correspondence Sheet

Date:     April 8, 2019

To:       Colonel Eliot K. Isaac, Police Chief

From:     Captain Douglas M. Wiesman, Central Business Section

Copies to:

Subject:  **Department Level Hearing Summary –**
          **Police Officer Donte Hill, IIS Case #18-154**

On Friday March 22, 2019, at 1300 hours, I conducted a Pre-Disciplinary Hearing at 310 Ezzard Charles Drive, for Internal Investigations Section case #18-154. The Police Department placed a charge of "Failure of Good Behavior" against Police Officer Donte Hill, District Three. Officer Hill was charged with a violation of Rule 1.23 C. of the Cincinnati Police Department's Manual of Rules and Regulations and Disciplinary Process, and a violation of the City of Cincinnati's Administrative Regulation No. 25, Non-Discrimination and Sexual Harassment.

### REPRESENTATION

The following individuals were present at the Department Hearing:

- Captain Douglas M. Wiesman, Department Hearing Officer
- Police Sergeant Steven Fox, Hearing Coordinator
- Police Officer Germaine Love, Hearing Recorder
- Police Officer Donte Hill, District Three
- Police Sergeant Dan Hils, FOP President

### SPECIFICATION I:

On September 26, 2018 at approximately 0140 hours, Ms. Latisha Johnson called police because Mr. Kareem Clayton and Mr. Elbert Amison were arguing in her residence at 3097 McHenry Avenue #10 and refused to leave.

Officer Donte' Hill and Officer Brandon Contris arrived at approximately 0154 hours and were met in front of the apartment building by Mr. Markell Johnson, a sixteen year old juvenile, Ms. Johnson, Mr. Clayton, and Mr. Amison. Ms. Johnson wanted Mr. Amison to leave.

At approximately 0159 hours, Mr. Clayton confronted Mr. Amison and they engaged in a physical fight in close proximity to Officer Contris and Officer Hill. Officer Contris and Officer Hill arrested Mr. Clayton and Mr. Amison without further incident.

Throughout the interaction, Officer Hill directed an excessive number of unnecessary, profane comments at Ms. Johnson, Mr. Amison, and Mr. Clayton:

At approximately 0201 hours, Officer Hill remarked to Mr. Amison, "This is ▮▮▮ stupid. I told you to ▮▮▮ walk home, didn't I? That goddamn alcohol got you ▮▮▮ out here acting stupid!" At approximately 0204 hours, Mr. Clayton asked Officer Hill, "Why you tryin' to get all aggressive?" Officer Hill responded, "Cause I'm pissed the ▮▮▮ off that's why."

According to the Cincinnati Police Department's Tactical Patrol Guide, verbal stunning is, "...the use of profane language (and) may be condoned in the demand stage. Verbal stunning should not express any prejudice concerning race, sex, religion, national origin, life style or similar personal characteristics. Profane language should describe a physical act and not personally attack the subject."

The cited profane language was not used during the "demand stage" of the police-citizen contact, expressed racial prejudice, and did not describe a physical act. The cited profane language did not meet any criterion of verbal stunning. The word "▮▮▮" or any derivative word, expresses racial prejudice.

Officer Hill's actions are in violation of Rule 1.23C of the Manual of Rules and Regulations and Disciplinary Process for the Cincinnati Police Department, which states:

> *1.23C. Members of the Department shall not express, verbally or in writing any prejudice or offensive comments concerning race, religion, national origin, lifestyle, gender, or similar personal characteristics.*

*AND*

Officer Hill's actions are in violation of the City of Cincinnati's Administrative Regulation No. 25, Non-Discrimination and Sexual Harassment, which states, in part:

Definition of Discriminatory Harassment

Examples of discriminatory harassment that will violate this policy and may violate the law include:

> *Oral or written communications that contain offensive name-calling, jokes, slurs, negative stereotyping, or threats. This includes comments or jokes that are distasteful or targeted at individuals or groups based on age, gender, sexual orientation, gender expression and identity, marital status, disability, religion, race, color, ethnicity, national origin, Appalachian regional ancestry, veteran status, military status, genetic history, or HIV status.*

*AND*

Employee/Non-Employee Discriminatory Harassment:

> *An on-duty employee who subjects a non-employee (vendor, consultant, sales representative, temporary employee, etc.) to discriminatory harassment in the workplace is subject to this regulation.*

2

## MITIGATION FOR SPECIFICATION I

Sergeant Dan Hils and Officer Donte Hill wanted to clarify the actual word Officer Hill verbalized during this incident. All of the documentation contained in IIS's hearing booklet stated Officer Hill stated '███████' during his interaction with the individuals of this incident. Officer Hill wanted it known he used a derivative of this core word; "███████" ended with a "...as".

Secondly, Sergeant Hils argued Officer Hill has already received discipline and counseling by District Three supervisors for the use of this specific word via the Form 17 (authored by Sgt. Putnick on October 11, 2018), associated written reprimand (served and dated October 29, 2019), with companion ESL entry (served on October 29, 2018); *see TAB B of the DLH hearing booklet.*

Therefore, Sergeant Hils and Officer Donte Hill believe re-opening this case by the Chief (date assigned to IIS for investigation; December 28, 2018), the subsequent IIS investigation, and charging of Officer Hill with a violation of 1.23C and City Administrative Regulation NO. 25 is a clear *"double jeopardy"* situation. They contend Officer Hill's use of the word "███████" was already investigated, documented, and adjudicated by written reprimand/ESL on October 29, 2018.

## ANALYSIS

This hearing officer wants it known in the clearest of terms *"with emphasis"* the use of the core word '███████' or any derivative thereof such as '███████' or any other derivative immediately recognized and related to the original core word is ***NOT ACCEPTABLE LANGUAGE TO BE EXPRESSED IN THE COURSE OF THEIR OFFICIAL DUTIES AS A CINCINNATI POLICE 'SWORN OFFICER OR CIVILIAN EMPLOYEE'***. "Their" refers to every sworn or civilian Department member regardless of race or ethnicity.

On October 11, 2018, Sergeant Luke Putnick, District Three, authored a Form 17, Request for Official Reprimand – Police Officer Donte Hill" *AND* the attached Form 66-S. The forms are an *"official request"* to serve a written reprimand on Officer Donte Hill for a second violation of Rule 1.06 B. of the Manual of Rules and Regulations and Disciplinary Process for the Cincinnati Police Department. The forms use several examples of course, violent, profane language to justify the rule violation. One of the examples cited in *both* forms is, "...that got [sic] damn alcohol out here got you ███████ acting stupid."

The forms were routed through the chain of command, reviewed, and *approved* by a Police Captain (October 22, 2018), a Lieutenant Colonel (Assistant Police Chief), and the Police Chief (October 23, 2018). The forms were returned to District Three to serve the Form 66-S, written reprimand, on Officer Donte Hill. On October 29, 2018, Officer Donte Hill was served the Form 66-S, Notice of Official Reprimand and issued an ESL documenting this action.

On December 28, 2018, the Police Chief wrote on the Form 17, "To IIS for full investigation, EKI, 12/28/18".

On February 6, 2019, the Police Chief approved the completed IIS investigation and sustained a violation of Rules 1.06 B. for the use of unnecessary profane language and

3

for 1.23 C. for stating, "That goddamn alcohol got you ▇▇▇ out here acting stupid". IIS *did not* discover any new information that was not already investigated, discovered, and documented in Sergeant Luke Putnick's Form 17 and Form 66-S. The IIS investigation did established witnesses, via recorded phone statements, who were offended by Officer Hill's use of profane language and the word '▇▇▇' as a derogatory racial term.

The City and Department *erred* by not originally charging Officer Donte Hill with the proper violation of Rule 1.23 C. Internal Investigation Section did not discover any new information about this incident that was not already discovered and documented in Sergeant Luke Putnick's original investigation and Form 17 dated, October 11, 2018.

When Officers/Specialists make procedural or tactical mistakes/errors, the Department investigates, documents, and holds them accountable to the Department's rules and regulations. Likewise, when the City/Department errs or makes a mistake we should acknowledge it and hold ourselves accountable.

## FINDINGS

Based on the investigation of the Internal Investigation Section, the documentation and interviews contained in the meeting booklet, review of the BWC videos, and the information presented at the Department Hearing there is a ~~NOT-SUSTAINED~~ *Disapproved EK* finding for Specification I.

On October 29, 2018, the City and Department approved, sustained, and adjudicated, Officer Donte Hill's use of the word "▇▇▇ or ▇▇▇" under violation of Rule 1.06 B. of the Manual of Rules and Regulations and Disciplinary Process for the Cincinnati Police Department.

On February 6, 2019, IIS found no new additional information other than what had already been investigated, discovered, and documented in Sergeant Putnick's original investigation resulting in a Form 17 and Form 66-S.

It is fundamentally unfair to Officer Donte Hill to sustain another separate rule violation for the exact same violation he has already been disciplined for under rule violation 1.06 B. (October 29, 2018, ETS Case #2018-240434)

The City and Department erred and should not correct this situation by charging him with the proper rule violation and corrective action after adjudicating the matter two months earlier.

## EMPLOYEE PROFILE INFORMATION (Police Officer Donte Hill):

| Date | Violation | Rule violation | Penalty |
| --- | --- | --- | --- |
| 10/29/18 | Failure of Good Behavior | 1.06B | Reprimand |
| 09/12/18 | Failure of Good Behavior | 1.01B | ESL |
| 08/04/17 | Failure of Good Behavior | 1.06A. 1.06B | ESL |

4

## RECOMMENDATION:

Officer Donte Hill has already been served with a written reprimand (October 29, 2018) for violation of Rule 1.06 B for the use of the word "█████" or "█████". However, a clear pattern of conduct has been identified requiring an intervention plan.

- If it has not already been done, recommend the District Three Commander place Officer Donte Hill on an **intervention plan** to closely monitor his activity/language with the public. The intervention plan will, at minimum, require completion of the following two trainings;

    o Attend and complete "Customer Service Training" at the Police Academy. It has come to my attention the Customer Service Training Officer Hill attended on February 13, 2019, was stopped because of technical issues with the presentation. Officer Hill needs to fully complete this training.

    o Mandatory training through the City's Human Resources Development Campus; "Breaking Anger Down (Understanding Anger)". Contact Lisa Auciello, City Human Resources, at 352-1506 to schedule/complete the training.

*[signature]* 4-8-19.
Captain Douglas Wiesman
Department Hearing Officer

*[handwritten]:*
approved, Additionally
Sustained Viol. for
1.23 C.
— 7 day, (56 hr.) Suspension

EKd
4/19/19

5