IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| DONTE HILL | : | Case No. 1:19cv308 |
| Plaintiff, | : | |
| | : | Judge Dlott |
| v. | : | |
| | : | DEFENDANTS' ANSWER TO |
| CITY OF CINCINNATI, et al., | : | FIRST AMENDED |
| | : | COMPLAINT |
| Defendants. | : | |

Now comes Defendants, City of Cincinnati; Eliot Isaac, Chief of Police; and Patrick Duhaney, City Manager (collectively "Defendants") for their Answer to Plaintiff's First Amended Complaint, by and through counsel, state as follows:

## Parties

1. Defendants admit that Plaintiff was employed by the City of Cincinnati as a Police Officer and was hired in 2008 but submit that he resigned effective August 6, 2020.

2. Defendants admit the allegations in Paragraph 2 of Plaintiff's First Amended Complaint.

3. Defendants admit Patrick Duhaney was the City Manager for the City of Cincinnati but submit that he resigned effective July 11, 2020.

4. Defendants admit the allegations in Paragraph 4 of Plaintiff's First Amended Complaint.

5. Defendants admit the allegations in Paragraph 5 of Plaintiff's First Amended Complaint.

## Facts

6. Defendants admit the allegations in Paragraph 5 "facts," of Plaintiff's First

Amended Complaint

7. Defendants admit the allegations in Paragraph 6 of Plaintiff's First Amended Complaint.

8. Defendants admit the Department Level Hearing Summary contains the quoted language but aver that it speaks for itself and deny the remaining allegations in Paragraph 7 of Plaintiff's First Amended Complaint.

9. Defendants admit the allegations in Paragraph 8 of Plaintiff's First Amended Complaint.

10. Defendants admit an incident occurred involving Officer Dennis Barnette in December 2018 but deny the remaining allegations in Paragraph 6 of Plaintiff's First Amended Complaint.

11. Defendants admit the allegations in Paragraph 10 of Plaintiff's First Amended Complaint.

12. Defendants admit the allegations in Paragraph 11 of Plaintiff's First Amended Complaint.

13. Defendants admit the allegations in Paragraph 12 of Plaintiff's First Amended Complaint.

14. Defendants admit the allegations in Paragraph 13 of Plaintiff's First Amended Complaint.

15. Defendants admit the allegations in Paragraph 14 of Plaintiff's First Amended Complaint.

16. Defendants admit the allegations in Paragraph 15 of Plaintiff's First Amended Complaint.

17. Defendants admit the allegations in Paragraph 16 of Plaintiff's First Amended Complaint.

18. Defendants deny the allegations in Paragraph 17 of Plaintiff's First Amended Complaint.

19. Defendants deny the allegations in Paragraph 18 of Plaintiff's First Amended Complaint.

20. Defendants deny the allegations in Paragraph 19 of Plaintiff's First Amended Complaint.

21. Defendants admit the allegations in Paragraph 20 of Plaintiff's First Amended Complaint.

22. Defendants admit the allegations in Paragraph 21 of Plaintiff's First Amended Complaint.

23. Defendants deny the allegations in Paragraph 22 of Plaintiff's First Amended Complaint.

24. Defendants admit the suspension of police powers rendered Officer Hill ineligible to work off-duty details, reduced court time but deny the remaining allegations in Paragraph 23 of Plaintiff's First Amended Complaint.

25. Defendants admit the loss of his ability to perform off-duty details caused Officer Hill to lose substantial income but aver that this income has already been compensated pursuant to the arbitration award and they deny the remaining allegations in Paragraph 24 of Plaintiff's First Amended Complaint.

26. Defendants admit the loss of paid court time caused Officer Hill to lose substantial income but aver that this income has already been compensated pursuant to the arbitration award and they deny the remaining allegations in Paragraph 25 of Plaintiff's First Amended Complaint.

27. Defendants deny the allegations in Paragraph 26 of Plaintiff's First Amended Complaint.

28. Defendants deny the allegations in Paragraph 27 of Plaintiff's First Amended Complaint.

29. Defendants deny the allegations in Paragraph 28 of Plaintiff's First Amended Complaint.

30. Defendants deny the allegations in Paragraph 29 of Plaintiff's First Amended Complaint.

### Count 1 – Employment Discrimination

31. Defendants restate their answers.

32. Defendants admit the allegations in Paragraph 31 of Plaintiff's First Amended Complaint.

33. Defendants deny the allegations in Paragraph 32 of Plaintiff's First Amended Complaint.

34. Defendants deny the allegations in Paragraph 33 of Plaintiff's First Amended Complaint.

35. Defendants deny the allegations in Paragraph 34 of Plaintiff's First Amended Complaint.

### Count Two – 42 U.S.C. § 1983

36. Defendants restate their answers.

37. Defendants deny the allegations in Paragraph 36 of Plaintiff's First Amended Complaint.

### FIRST DEFENSE

1. Defendants at all times acted in conformity with the law.

### SECOND DEFENSE

2. Plaintiff fails to state a cause of action upon which relief may be granted.

### THIRD DEFENSE

3. Defendants at all times acted in good faith and without malice.

### FOURTH DEFENSE

4. Plaintiff's claims are barred by applicable statutes of limitations and/or the doctrine of equitable estoppel.

### FIFTH DEFENSE

5. Plaintiff failed to exhaust his administrative remedies and/or his amended complaint is untimely.

### SIXTH DEFENSE

6. The City of Cincinnati, Eliot Isaac, and Patrick Duhaney are immune from liability pursuant to R.C. 2744.

### SEVENTH DEFENSE

7. Defendants Eliot Isaac and Patrick Duhaney are entitled to qualified immunity.

### EIGHTH DEFENSE

8. Plaintiff's claims are barred by the doctrines of res judicata and/or collateral estoppel.

### NINTH DEFENSE

9. Plaintiff's claims are moot.

### TENTH DEFENSE

10. Any allegedly defamatory statements made by Defendants were true and/or opinion.

### ELEVENTH DEFENSE

11. Plaintiff's claims are preempted and have been satisfied in whole or in part by the collective bargaining agreement between the City and the FOP, state labor law and payments made based on the opinion and award issued pursuant to Plaintiff's

5

grievance.

**TWELFTH DEFENSE**

12. Actions Defendants did or did not take with respect to Plaintiff were motivated by legitimate concerns, and not based on any protected activity engaged in by Plaintiff.

**THIRTEENTH DEFENSE**

13. Defendants hereby give notice of their intent to rely on and utilize any affirmative defense that may become available or apparent during the course of discovery and hereby reserve the right to amend their Answers to assert such defenses.

WHEREFORE, having fully answered Plaintiff's First Amended Complaint, Defendants pray that Plaintiff's First Amended Complaint be dismissed, with prejudice, at Plaintiff's costs and these answering Defendants be permitted to go henceforth without further costs and delay.

Respectfully submitted,

Andrew W. Garth (0088905)
Interim City Solicitor

*s/ William C. Hicks*
William C. Hicks (0068565)
Sr. Assistant City Solicitor
City Hall, Room 214
801 Plum Street
Cincinnati, Ohio 45202
Telephone: (513) 352-3329
Fax: (513) 352-1515
Email: William.hicks@cincinnati-oh.gov
Counsel for City Defendants

**CERTIFICATE OF SERVICE**

I certify that a true and accurate copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system and copies will be mailed to those parties who are not served via the Court's electronic filing system. Parties may access this filing through the Court's system.

*s/ William C. Hicks*
William C. Hicks (0068565)