IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Donte Hill, | : |
| | : Case No. 1:19-cv-308 |
| Plaintiff, | : |
| | : Judge Susan J. Dlott |
| v. | : |
| | : Order Granting Renewed Motion to |
| City of Cincinnati, *et al.*, | : Confirm Arbitration Award |
| | : |
| Defendants. | : |

This matter is before the Court on Plaintiff Donte Hill's Renewed Motion to Confirm Arbitration Award. (Doc. 15.) Defendant City of Cincinnati filed a Memorandum in Opposition to the Renewed Motion. (Doc. 22.) Thereafter, the Fraternal Order of Police Queen City Lodge 69 ("FOP"), also a nominal defendant, filed a Memorandum Joining and in Support of the Renewed Motion. (Doc. 25). For the reasons that follow, the Court will confirm the Arbitration Award pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9.

I.  **PROCEDURAL HISTORY**

Hill, an officer in the Cincinnati Police Department, initiated this action on April 26, 2019 against Defendants City of Cincinnati, Cincinnati Chief of Police Eliot Isaac, and Cincinnati City Manager Patrick Duhaney (collectively, the "City Defendants"). (Doc. 3.) He alleged that the City Defendants discriminated against him on the basis of race in violation of state law and denied him due process in violation of the U.S. Constitution when they suspended his police powers. (*Id.* at PageID 32–33.) Hill moved for a temporary restraining order and preliminary injunction. (Doc. 4.) After the parties informed the Court that Hill had been restored to full duty pending arbitration, the Court issued an Order on May 10, 2019 denying as moot the motion for equitable relief and staying the case pending arbitration. (Doc. 5.)

1

An arbitration was held before an arbitrator with the American Arbitration Association in October 2019. (Doc. 7 at PageID 78.) The arbitration proceeded between the FOP as the union and the City of Cincinnati as the employer. (*Id.* at PageID 77.) Hill was not a party to the arbitration. According to the arbitrator, the matter was automatically arbitrated as a "grievance involving disciplinary suspensions of more than five days without pay" pursuant to the collective bargaining agreement. (*Id.* at PageID 78.) The arbitrator issued a written decision granting the grievance on December 5, 2019. (*Id.* at PageID 77–91.) In the Award section of the decision, the Arbitrator stated as follows:

> VII.   AWARD
>
> The grievance is granted. The 56 hour suspension issued to the Grievant was improper.
>
> 1. The Grievant is to be paid for the 56 hours he was suspended.
>
> 2. The 56 hour suspension is to be removed from his record.
>
> 3. The Grievant is to be awarded damages for details that he missed. The parties are to meet and attempt to agree on the amount the Grievant is owed for these details. Here, the Grievant introduced calendars showing the dates he typically worked details and his calculations as to the amounts he earned. They are to be used as the starting point and the City has the burden to dispute the Grievant's calculations.
>
> 4. The Arbitrator retains jurisdiction for 90 days to resolve disputes as to the remedy only, unless either party requests an extension of that 90 days.

(*Id.* at PageID 91.)

On December 19, 2019, Hill filed the first Motion to Confirm Arbitration Award, which was opposed by Defendants. (Docs. 7, 8.) The Court held a status conference on January 14, 2020. Thereafter, on January 28, 2020, the Court denied Hill's Motion without prejudice to refiling because the Arbitration Award was not yet final. (Doc. 10.) The Ohio Revised Code provides that a party to an arbitration has three months after the award is made to file a motion in

common pleas court "vacating, modifying, or correcting the award." Ohio Rev. Code § 2711.13.

After the Arbitration Award became final, Hill filed the First Amended Complaint against the City Defendants and the FOP on July 3, 2020. (Doc. 14.) Hill identified the FOP as "the bargaining agent for Plaintiff and a necessary party to these proceedings for confirmation of the Arbitration Decision arising from the facts alleged herein." (*Id.* at PageID 125.) He restated his claims for race discrimination and denial of due process against the City Defendants. (*Id.* at PageID 128–130.)

Hill also filed the pending Renewed Motion to Confirm Arbitration Award on July 3, 2020. (Doc. 15.) The City of Cincinnati opposed the Renewed Motion on the grounds that Hill lacks standing to confirm the arbitration award since he was not a party to the arbitration. (Doc. 22.) The FOP, conversely, filed a Memorandum supporting and joining in Hill's effort to have the Arbitration Award confirmed. (Doc. 25.)

## II. ANALYSIS

The FAA provides that "any party to the arbitration" can apply for an order confirming an arbitration award to the "United States courts in and for the district within which such award was made." 9 U.S.C. § 9. It further provides that a district court "must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title." *Id.* The City of Cincinnati's sole basis to oppose confirmation of the Arbitration Award is that Hill was not a party to the arbitration as required by § 9. The City of Cincinnati summarized its argument as follows:

> Hill was a member of FOP Queen City Lodge #69, which is the party that filed the grievance that resulted in arbitration. The FOP is the legal entity with the power and authority to file for arbitration as the authorized representative of Hill and other members. While the arbitration vindicated Hill's rights, it was in the name of the FOP. As such, only the FOP has standing to move to confirm the

3

arbitration award, which it has yet to do. This most likely is because of the resolution between the parties.

(Doc. 22 at PageID 173.) However, this argument was undermined when the FOP, a party to the arbitration, filed its Memorandum supporting and joining in Hill's request to confirm the Arbitration Award. There being no other objection, the Court confirms the Arbitration Award pursuant to the FAA, 9 U.S.C. § 9.

### III. CONCLUSION

For the foregoing reasons, the Renewed Motion to Confirm the Arbitration Award (Doc. 15) is **GRANTED**.

**IT IS SO ORDERED.**

Dated this 14th day of October 2020.

BY THE COURT:

Susan J. Dlott
United States District Judge