IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| DONTE HILL, | : | Case No. 1:19-CV-00308 |
| | : | |
| Plaintiff, | : | Judge Susan J. Dlott |
| | : | |
| v. | : | |
| | : | DEFENDANTS' MOTION TO |
| CITY OF CINCINNATI, et al., | : | BIFURCATE LIABILITY AND |
| | : | DAMAGES |
| Defendants. | : | |

Now come Defendants City of Cincinnati and Eliot Isaac, former Chief of Police, (collectively, "City") pursuant to Federal Rule of Civil Procedure 42, and respectfully requests the Court bifurcate the issue of liability from the issue of damages in this jury trial. The grounds for this motion are set forth in the attached Memorandum in Support.

ANDREW W. GARTH (0088905)
City Solicitors

/s/William C. Hicks
William C. Hicks (0068565)
Emily S. Woerner (0089349)
801 Plum Street, Room 214
Cincinnati, OH 45202
Phone: 513-352-3329
Fax: 513-352-1515
Email:william.hicks@cincinnati-oh.gov
emily.woerner@cincinnati-oh.gov
*Trial counsel for Defendant City*

{00362732-1}

**MEMORANDUM IN SUPPORT**

This case presents an allegation of race discrimination where liability is disputed, yet a large portion of potential compensatory damages have already been paid. This unique attribute lends itself to a separation of the issues of liability and damages from each other for the jury trial.

Federal Rule of Civil Procedure 42 provides "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues [or] claims…." The decision to bifurcate is within the discretion of the district court. *Saxion v. Titan-C-Manufacturing*, 86 F.3d 553, 556 (6th Cir. 1996). Only one of the criteria need be met to justify bifurcation. *Id*. A decision ordering bifurcation is dependent on the facts and circumstances of each case. *Id*.

First, bifurcation of liability and damages, particularly for this jury trial, will avoid prejudice to the City while fully preserving Plaintiff's right to adjudicate his claims. As explained in the City's Motion in Limine requesting exclusion of evidence related to the arbitration in this case, reference to the arbitrator's decision to reverse the 56-hour suspension is not relevant and is substantially more prejudicial than probative. Yet, as a direct result of that arbitration decision, the City took action to reverse the hours suspended by awarding back pay, reduce the amount of discipline imposed in Plaintiff's employment history file, and provided compensation for missed off-duty details and other outside employment opportunities. The fact that these actions occurred are relevant to a determination of compensatory damages. However,

{00362732-1}

to avoid the substantial prejudice to the City of the jury learning of the arbitrator's decision, the fact of these payments would be provided in isolation. This is very likely to prejudice the jury against the City because the jurors will likely wonder why the City would pay damages for a claim where the City is asserting it did nothing wrong. Bifurcation avoids this difficulty in its entirety.  If the jury finds the City liable, then admission of the arbitration decision and any and all payments made by the City to Plaintiff during a damages phase does not pose the same risk of prejudice to either party.

Second, bifurcation will expedite and economize the determination of this issue. Liability in this case is dependent on a determination by the jury that the City intentionally discriminated against Plaintiff because of his race. As the Court held in its Order Granting in Part and Denying in Part the City's motion for summary judgment, there are specific elements of the race discrimination claim that require a factual determination by the jury, some of which are a close call. Should the jury find the City not liable, a damages phase will be unnecessary, which will shorten the overall trial and preserve limited resources.

## Conclusion

Bifurcation of liability and damages is consistent with Rule 42 and promotes the fairness of the proceedings. All parties involve deserve a fair, measured consideration of whether the City's actions were intentionally discriminatory on the basis of race. By separating this important issue from the complicated determination

{00362732-1}

of compensatory damages which necessarily raise the damages already paid to Plaintiff, bifurcation provides each party its day in court.

        Respectfully submitted,

        ANDREW W. GARTH (0088905)
        City Solicitors

        */s/William C. Hicks*
        William C. Hicks (0068565)
        Emily S. Woerner (0089349)
        801 Plum Street, Room 214
        Cincinnati, OH 45202
        Phone: 513-352-3329
        Fax: 513-352-1515
        Email:william.hicks@cincinnati-oh.gov
            emily.woerner@cincinnati-oh.gov
        *Trial counsel for Defendant City*

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 25, 2022, a true and accurate copy of the foregoing Defendants' Motion to Bifurcate Liability and Damages was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system and copies will be mailed to those parties by certified mailed who are not served via the Court's electronic filing system. Parties may access this filing through the Court's system.

        */s/William C. Hicks*
        William C. Hicks (0068565)
        Sr. Assistant City Solicitor

{00362732-1}